FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2021

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TAQUILLA HATCH                                                   PLAINTIFF

VS.              CASE NO. 4:21cv1097-LPR

OPTUM SERVICES, INC.                                   DEFENDANT

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

## COMPLAINT

### Introduction

      This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended) and pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Taquilla Hatch, has been subjected to, all on account of her race (African American). This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well. The plaintiff also brings this cause of action for breach of contract as well.

### I.
### Jurisdiction

1.     Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

2.     The Court is also asked to assume supplemental jurisdiction over the plaintiff's breach of contract claim pursuant to 28 U.S.C.S. § 1367.

3. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

## II.
## Parties

4. The plaintiff is an African American female, who is a resident of Pulaski County, Arkansas, and is a citizen of the United States of America.

5. The defendant Optum Services, Inc. (hereinafter referred to as Optum) is part of the UnitedHealth Group family of companies. UnitedHealth is one of the country's leading health care companies offering network-based health and well-being products and services such as health benefit plans, vision and dental care programs, and health-savings accounts.

6. Optum Services, Inc., is a foreign for-profit corporation that is licensed in the State of Arkansas providing a comprehensive array of health-related services under the umbrella of UnitedHealth.

7. The agent for service of process for Optum Services, Inc., is the C T Corporation System, which is located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Optum Services, Inc., also has a foreign address of 13625 Technology Drive, Eden Prairie, Minnesota 55344.

8. The defendant Optum Services, Inc., is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

## III.
## Facts

9. The plaintiff was hired by Maxim Healthcare Services, Inc. working as a temp-to-hire Community Health Worker for Optum in September 2018.

2

10. Although the plaintiff worked for Maxim Healthcare Services, Inc., which is a temporary agency that hires for Optum, she always reported to Optum.

11. Optum dictated the plaintiff's work schedule, and also provided the plaintiff with the necessary tools to perform her duties such as a computer, cell phone, and internet hot spot.

12. If the plaintiff wanted to take time off, she would have to make such a request to management officials with Optum. Also, if the plaintiff was going to be later, she would have to notify management officials of Optum.

13. If there were any concerns regarding performance issues, Optum would speak to the employees of Maxim Healthcare Services, Inc..

14. Upon information and belief, Maxim Health Solutions has a contractual relationship with Optum to screen workers, and then transition workers to Optum on a temp-to-hire basis.

15. During the entire time that the plaintiff worked for Optum, she never dealt with Maxim, other than to receive her paycheck and to take a tuberculous skin test once per year.

16. The plaintiff was told that within a period of six (6) to nine (9) months of her hire, she would be hired as a full-time employee of Optum.

17. During the plaintiff's assignment after the period of nine months, she kept inquiring as to why she was not offered a position on a full-time basis.

18. During the plaintiff's assignment while working on a part-time basis, she performed her job in an exemplary fashion.

19. When the plaintiff was hired by the defendant, she was hired in as a mental health assessor.

20. The plaintiff has a college degree, having obtained her degree in 2015 in the field of social work.

21. As part of the plaintiff's job duties with the defendant, she went to homes, hospitals, and juvenile detention facilities to assess patients in order to do mental health assessments.

22. At one point, the plaintiff was supervised by David Eidt, who is a Caucasian male.

23. Mr. Edit was formerly employed by Optum.

24. Mr. Eidt advised the plaintiff that there was no reason why she should not have been moved to a full-time position, because she had the highest completion rate, and her performance was exemplary.

25. The plaintiff spoke with Mr. Eidt in October 2020 again about moving to a full-time position, and he stated that he would again submit her name for recommendation to move to a full-time position.

26. Jennifer Richards is a Caucasian female, who was employed during the same time period that the plaintiff was hired.

27. Ms. Richards was also hired by Maxim Healthcare Services, Inc in September 2018., to work on a temp-to-hire basis for Optum as a Community Health Worker.

28. Jennifer Richards was hired within a period of nine months by the defendant Optum despite having substandard work performance, and also having at least one complaint lodged against her due to allowing her husband to use the company's cell phone.

29. Upon information and belief, Jennifer's husband called and cursed out a management official of the defendant.

30. Despite the above-mentioned conduct, Ms. Richards was still hired by the defendant to work on a full-time basis.

31. When a person is hired by the defendant on a full-time basis, they are given a pay increase, and they are also provided with health insurance, as well as dental and vision insurance.

32. Also, once an employee is transitioned to a full-time position with the defendant, they are also provided with paid leave, and they also have holiday time off, along with 401(k) and bonuses.

33. Due to the fact that the plaintiff was not allowed to be hired on a full-time basis, she was not afforded the above-mentioned benefits.

34. The plaintiff again spoke with her supervisor Wanda Collins, in February 2021 about being hired on a full-time basis by the defendant, and was again told that she was being recommended, but was informed by her supervisor that he was unaware of the process, and was not sure what was going to happen.

35. Once the plaintiff realized that she was not going to be hired on a full-time basis by the defendant, she decided to resign her position with the defendant, which she did on April 1, 2021.

IV.
Disparate Treatment – Race

36. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, supra., inclusive as though set forth herein word for word.

37. The plaintiff was subjected to disparate treatment on account of her race in that similarly situated white employees received more favorable treatment on account of their race than the plaintiff was afforded.

38. White employees who have been hired by other temp agencies to work for the defendant, had been allowed to transitioned into full-time positions as a matter of course, while black employees are seldom hired by the defendant.

39. Jennifer Richards is a Caucasian female, who was employed during the same time period that the plaintiff was hired.

40. Ms. Richards was also hired by Maxim Healthcare Services, Inc in September 2018., to work on a temp-to-hire basis for Optum as a Community Health Worker.

41. Jennifer Richards was hired within a period of nine months by the defendant Optum despite having substandard work performance, and also having at least one complaint lodged against her due to allowing her husband to use the company's cell phone.

42. The plaintiff was subjected to the above-mentioned acts of disparate treatment all on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

43. Furthermore, the plaintiff has been subjected to less favorable terms and conditions of her employment contract with the defendant on account of her race, in violation of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

## V.
## Breach of Contract

44. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43, supra., inclusive as though set forth herein word for word.

45. When the plaintiff was hired by the defendant, she was told that if she performed her job duties in a satisfactory manner, she would be hired on a full-time basis by the defendant.

46. Despite the fact that the plaintiff performed her job duties in an exemplary fashion, she still was not hired by the defendant on a full-time basis.

47. The plaintiff relied upon the defendant's promises to her detriment.

48. The defendant is in breach of its contract to hire the plaintiff on a full-time basis.

## VI.
## Damages

49. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48, supra., inclusive as though set forth herein word for word.

50. Due to the discriminatory practices that the defendant subjected the plaintiff to, she has experienced a loss of income, pain and suffering due to mental anguish, embarrassment, all to her damage in an amount to be proven at the trial of this matter.

51. Furthermore, the above acts of discrimination were committed by the defendant with malice or in complete disregards towards the plaintiff's federally protected rights, that an award of punitive damages is warranted.

52. Also, due to the defendant breaching its contract with the plaintiff, the plaintiff has experienced loss of income, employment benefits, all in amount to be proven at the trial of this matter.

## JURY DEMAND

53. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

    a. declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

    b. reinstatement and back pay;

    c. compensatory and punitive damages;

    d. attorney's fees;

    e. the cost of prosecuting this action;

f.   and for all other equitable, legal, and just relief.

>                                        Respectfully submitted,
>
>                                        PORTER LAW FIRM
>                                        The Catlett-Prien Tower
>                                        323 Center Street, Suite 1035
>                                        Little Rock, Arkansas 72201
>                                        Telephone: 501-244-8200
>                                        Facsimile: 501-372-5567
>                                        Email: Aporte5640@aol.com
>
> By:   _____
>                                        Austin Porter Jr, No. 86145

Dated this 15$^h$ day of November 2021.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2021-00940 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**MS. TAQUILLA HATCH** | Home Phone<br>**(870) 456-0519** | Year of Birth |
|---|---|---|

Street Address: **13917 CHESTERFIELD CIRCLE**, City, State and ZIP Code: **NORTH LITTLE ROCK, AR 72117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**OPTUM** | No. Employees, Members<br>**Under 15** | Phone No. |
|---|---|---|

Street Address: **13917 CHESTERFIELD CIRCLE**, City, State and ZIP Code: **N LITTLE ROCK, AR 72117**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **10-15-2020**    Latest: **04-02-2021**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was assigned to work at respondent as a temp to hire Community Health Worker in September 2018. I, along with other temp to hire employees, were told that within 6-9 months of assignment we would be hired as full-time employees. Over my entire assignment I inquired several times about when I would become a full-time employee. In October 2020 I spoke with the manager that I was working under on a special project about becoming full time. In February 2021 I asked my supervisor about becoming full time. After never being converted to full time, while similarly situated white employees were converted to full time before me, I felt I had no other option but to resign.**

**I had been told for years that I was recommended for full time and my name had been submitted. I was told in October that they didnt know when they were going to convert temps to fulltime. I was told in February 2021 that my name had been submitted but the supervisor did not know what was going to happen or what the process was.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Taquilla Hatch on 04-09-2021 09:45 AM EDT**

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**PLAINTIFF'S EXHIBIT 4**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**493-2021-00940** |
|---|---|---|
| *State or local Agency, if any* | | and EEOC |

**I believe that I was not hired as a full-time employee and constructively discharged, due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Taquilla Hatch on 04-09-2021 09:45 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| EEOC Form 161 (11/2020) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | |
| To: **Taquilla Hatch**<br>**13917 Chesterfield Circle**<br>**North Little Rock, AR 72117** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-01010 | **Matilda S. Louvring,**<br>Investigator | (501) 324-5535 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     August 16, 2021
**William A. Cash, Jr.,**                        *(Date Issued)*
**Area Office Director**

Enclosures(s)

cc:  **Kim Altschuler**
**MORGAN LEWIS**
**1701 Market Street**
**Philadelphia, PA 19103**


PLAINTIFF'S EXHIBIT B